UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SUSAN FAIRWEATHER,            )
                              )
        Plaintiff,            )
                              )
    v.                        )    2:13-cv-00111-JAW
                              )
FRIENDLY'S ICE CREAM, LLC,    )
                              )
        Defendant.            )

**ORDER ON MOTION IN LIMINE AND OBJECTIONS REGARDING ROBERGE AND BRANDEWIE TESTIMONY**

With trial looming in this age discrimination case, the parties have presented a number of objections to potential witnesses and specific testimony. The Court denies the Defendant's request to exclude the proposed testimony of a similarly situated employee. The Court also addresses a slew of objections to the deposition testimony of a witness, sustaining a few and overruling most.

**I.    THE ROBERGE MOTION IN LIMINE**

**A.    Background**

JoAnn Roberge was employed as a waitress at Friendly's from March 19, 1999 to January 2, 2012 when she was terminated because she exceeded the permissible number of customer walk-outs. *Def. Friendly's Ice Cream, LLC's Mot. in Limine to Exclude Test. of Joann Roberge* (ECF No. 77) (*Def.'s Roberge Mot.*) Attach. 1 *Charge of Discrimination, Me. Human Rights Comm'n* (*Roberge Charge*). On February 24, 2012, she filed a complaint with the Maine Human Rights Commission, alleging that

Friendly's terminated her due to a pretext and the real reason for her termination was that she was 63 years old. *Roberge Charge*. Friendly's seeks to exclude Ms. Roberge's testimony on the grounds that the evidence would be contrary to Plaintiff's theory of the case and would require "a trial within a trial." *Def.'s Roberge Mot.* at 1-2. Friendly's says that Ms. Roberge's Maine Human Rights Act claim was barred by bankruptcy. *Id.* at 2. Plaintiff seeks to admit evidence of Ms. Roberge's termination as evidence of Friendly's treatment of a similarly-situated employee, which is relevant, she claims, to "Friendly's age related animus and the implementation of Friendly's plan to change its image by, in part, terminating older employees." *Pl.'s Opp'n to Def. Friendly Ice Cream's Mot. in Limine to Exclude Test. of Joanne Roberge* at 2-3 (ECF No. 96) (*Pl.'s Roberge Opp'n*).

B. **Discussion**

In this case, one of Ms. Fairweather's theories is that, as an older worker, she had been subject to disparate treatment and that she was terminated for conduct that Friendly's excused in younger workers. The First Circuit has addressed the disparate treatment theory and has observed that "in order to be probative of discriminatory animus, a claim of disparate treatment 'must rest on proof that the proposed analogue is similarly situated in material respects.'" *Velez v. Thermo King de P.R., Inc.*, 585 F.3d 441, 451 (1st Cir. 2009) (quoting *Perkins v. Brigham & Women's Hosp.*, 78 F.3d 747, 752 (1st Cir. 1996)). The standard, according to the First Circuit, is "whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated. While an exact correlation is not

necessary, the proponent must demonstrate that the cases are fair congeners." *Id.* (internal citations and quotation marks omitted); *see also Taboas v. Fiddler, Gonzalez & Rodriguez, PSC*, No. 13-1205 (FAB), 2014 U.S. Dist. LEXIS 121307, at *7-8 (D.P.R. Aug. 28, 2014) (concluding that evidence of the dismissal of a similarly aged employee by the same employer is admissible as tending to make the claim of age-based animus more probable).

Here, Ms. Fairweather says that Ms. Roberge was employed as a waitress at Friendly's South Portland location from March 19, 1999 until she was fired on January 2, 2012. *Pl.'s Roberge Opp'n* at 1. She is now approximately 66 years old, and was around 63 when she was fired.[1] *Id.* Ms. Fairweather states that Ms. Roberge was the oldest employee in the workplace and that she was fired because two customers walked out on her. *Id.* Ms. Fairweather asserts that Ms. Roberge believed that she was treated more harshly than younger employees who had experienced the same or higher number of customer walkouts. *Id.* at 1-2.

There are a number of similarities between Ms. Roberge's and Ms. Fairweather's situations. Ms. Fairweather was slightly younger, 55, when she was fired, but had worked longer at Friendly's, joining in 1988. *See Order Denying Def.'s Mot. for Summ. J.* at 4, 63 (ECF No. 49). They were fired the same year, Ms. Roberge on January 2, 2012 and Ms. Fairweather four months later on May 14, 2012. *See id.* at 67. They both worked as waitresses and they both claim that Friendly's fired them

---

[1]  Ms. Fairweather asserts in her opposition that Ms. Roberge "is currently 64 years old." *Pl.'s Roberge Opp'n* at 1. It is more likely that Ms. Roberge is approximately 66 years old because at the time she filed her Charge of Discrimination with the Maine Human Rights Commission on February 24, 2012, she asserted that she was fired on January 2, 2012, and was 63 years old. *Roberge Charge.*

3

for conduct that it would have excused in younger workers. These facts make Ms. Roberge's experience at Friendly's admissible to "show a defendant's state of mind through circumstantial evidence, including through evidence of the employer's prior incidents of discrimination or the employer's discriminatory atmosphere." *Taboas*, 2014 U.S. Dist. LEXIS 121307, at *5-6.

The Court rejects Friendly's contention that because it terminated Ms. Roberge on January 2, 2012 and Friendly's did not emerge from bankruptcy until six days later on January 8, 2012 that her termination cannot support Ms. Fairweather's claim that (1) as Friendly's emerged from bankruptcy, it had resolved to change its image to appeal to a younger clientele by hiring younger workers and firing older ones and (2) Friendly's made that policy choice before the actual date of bankruptcy discharge. Also, Friendly's protest that the Roberge claim had never been tested by an administrative agency seems ironic; Ms. Roberge was not allowed to proceed against Friendly's precisely because Friendly's declared bankruptcy. *See Def.'s Roberge Mot.* at 2.

As with all evidence of this ilk, Friendly's has raised a justifiable concern that the Roberge claim not become a trial within a trial. This concern extends both to Ms. Fairweather and to Friendly's and the Court will monitor this evidence as it is being presented to balance its probative value against the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time." FED. R. EVID. 403.

The Court declines Friendly's request for wholesale exclusion of the Roberge claim.

## II. THE BRANDEWIE DEPOSITION OBJECTIONS

### A. Background

On January 9, 2015, pursuant to an order dated December 29, 2014, the parties took the trial deposition of Katherine Brandewie, formerly known as Katherine Burke. *Order* (ECF No. 88). According to her deposition, Ms. Brandewie was Training General Manager, meaning that she was in a three-month program training to be a general manager, at the South Portland Friendly's at the time that Ms. Fairweather was fired. *Def. Friendly's Ice Cream, LLC's Statement of Objections to Dep. Test. of Katherine Brandewie* (ECF No. 109) (*Def.'s Objections*) Attach. 1 *Dep. Tr. of Katherine Brandewie* 7:4-17 (*Brandewie Dep.*). Among other things, Ms. Brandewie testified that General Manager Bonnie Coutts asked her to participate in Ms. Fairweather's termination and Ms. Brandewie refused to do so because she "thought that it was wrong." *Id.* 13:1-8, 13:18-14:7. She testified that Ms. Fairweather was a "hard worker," that Ms. Fairweather "always showed up for work on time" and that she "always did her work." *Id.* 13:9-17. Friendly's engaged in an extensive cross-examination of Ms. Brandewie. *Id.* 16:23-50:16. Plaintiff responded with a brief redirect examination. *Id.* 50:20-52:18. Friendly's and Ms. Fairweather interpose specific objections to the contents of Ms. Brandewie's deposition. *Def.'s Objections* at 1-14; *Pl.'s Objections to Certain Portions of Katherine Brandewie's Dep. Proposed by Def.* at 1-2 (ECF No. 110) (*Pl.'s Objections*).

5

### B. Ms. Fairweather's Objections

Ms. Fairweather objects to two lines of cross-examination: (1) a series of hypothetical questions about whether she would employ a food server who engaged in rude, bullying behavior or similar conduct, *Pl.'s Objections* at 1 (citing *Brandewie Dep.* 31:20-41:3), and (2) a series of questions asking Ms. Brandewie about documents she had never seen. *Id.* at 2 (citing *Brandewie Dep.* 41:5-46:2). The Court overrules Ms. Fairweather's first objection. Friendly's had the right to explore on cross-examination the basis for Ms. Brandewie's testimony that she thought it was wrong to fire Ms. Fairweather. Most of these cross-examination questions were not hypothetical. Defense counsel prefaced a number of questions by referring to a document and then posing a more general question. For example, he read a customer complaint that Ms. Fairweather "very rudely pointed to, I guess, Cathy's area, was -- and said out loud something about having a skip on her all morning." *Brandewie Dep.* 31:11-16. Defense counsel then asked Ms. Brandewie a series of questions about the difficulty a restaurant would experience if its wait staff were rude. For example:

> Q. [A]s a manager, you would not want your customers complaining about servers in this way. Correct?
> A. Correct.
> Q. A server treating a customer in a manner they perceive to be very rude is unacceptable conduct, isn't it?
> A. Yes.

*Id.* 32:16-23. In the Court's view, this testimony is permissible because it explores the standards Ms. Brandewie was using to conclude that Friendly's termination of Ms. Fairweather was wrong. Furthermore, a number of questions state the obvious; for example: "Do you think customers will return to a restaurant with a reputation of

having servers who are very rude?" *Id.* 37:5-7. These questions fall within the permissible scope of cross-examination.

The Court draws the same conclusion about Friendly's cross-examination of Ms. Brandewie's knowledge of Ms. Fairweather's personnel file. It is true that Ms. Brandewie testified that she had "never read through her [personnel] file when [she] worked there." *Id.* 42:11-12. But defense counsel was free to point out to the jury that Ms. Brandewie was unaware of other customer complaints about Ms. Fairweather when Ms. Brandewie concluded that it was wrong to terminate her.

The parties presented a consolidated set of their specific objections. *Def.'s Objections* at 3-14. There is one uncontested objection and the Court sustains that objection:

1) 29:17-30:7: lack of foundation.

The Plaintiff interposes the following objections:

1) 31:18-32-5: hearsay and misstates evidence –

**Overruled**. The Court assumes that during trial, Ms. Fairweather's personnel file will be admitted into evidence as a Friendly's business record and, if so, the jury may judge whether the question based on that file misstates the contents of the file.

2) 32:8-15, 33:2-20, 34:18-35:1, 35:9-18, 36:5-37:2, 37:5-15, 37:18-24, 38:1-6, 38:11-18, 40:17-42:1, 42:4-43:12, 43:18-24, 44:3-23, 45:3-11, 45:22-46:12: speculation, lack of foundation, relevance –

**Overruled**. These questions state the obvious and are relevant to Ms. Brandewie's standards for dismissal.

The Court sustains the objection to 39:22-40:9 because the question was answered and counsel repeated it at 40:4-6.[2]

C. **Friendly's Objections**

Friendly's interposed the following objections:

1) 8:18-9:9: lack of foundation, personal knowledge, relevance –

**Overruled**. The witness identified Exhibit 7 as the disciplinary notice form that she was required to fill out at Friendly's.

2) 8:22-9:11: motion to strike as non-responsive –

**Overruled**. The witness was asked to identify the form and her answer identifies the form as she used it at Friendly's.

3) 9:16-20: lack of foundation, assumes facts not in evidence –

**Overruled**. The witness was asked her personal knowledge and is responding from her personal knowledge.

4) 9:21-10:6: motion to strike as non-responsive –

**Overruled**. The witness responded to the question.

---

[2] The defense makes the odd statement that an objection based on a question having been "asked and answered" is "not a viable objection under any Rule of Evidence and it therefore must be overruled." *Def.'s Objections* at 10. Defense counsel is wrong. Rule 403 of the Rules of Evidence allows a trial court to exclude relevant evidence if its "probative value is substantially outweighed by a danger of . . . wasting time[] or needlessly presenting cumulative evidence." FED. R. EVID. 403. The traditional objection that a question has been asked and answered is a shorthand way of making a Rule 403 time wasting and cumulative evidence objection. If a question has already been asked and answered, to ask it again and demand an answer would be to "wast[e] time [and] needlessly present[] cumulative evidence." *Id.*

8

5) 10:7-15: lack of foundation, assumes facts not in evidence, relevance –

**Overruled**. The witness is responding from her personal knowledge from the time she worked at Friendly's.

6) 13:9-17: lack of foundation, lack of competence, lack of personal knowledge, lack of relevance, calls for an opinion –

**Overruled**. The witness is explaining why, after being requested to do so, she refused to participate in Plaintiff's firing. This is within her personal knowledge. It is clearly relevant to the issues in this case.

7) 15:15-23: lack of foundation, assumes facts not in evidence, no personal knowledge, leading, lack of relevance –

**Overruled**. The witness was a management trainee and is competent to express her opinion about Friendly's hiring practices during her employment at Friendly's. The leading objection is frivolous.

8) 31:7-10: move to strike, no question pending –

**Overruled**. The witness was completing her answer to the earlier question.

9) 31:23-32:7: move to strike as nonresponsive –

**Overruled**. Defense counsel asked the witness to interpret a document and the witness attempted to respond to the question.

10) 33:17-20: move to strike after "absolutely" –

**Overruled**. The witness's explanation is responsive to the question. If the questioner does not like the response, it does not mean the answer is nonresponsive.

11) 34:10-17: move to strike as nonresponsive beyond the first sentence –

**Sustained**. The question only asked the witness to confirm the words on a document and she gave her opinion about the significance of the document.

12) 46:5-11: move to strike after "correct" –

**Overruled**. The witness was asked about her lack of knowledge for her opinion and, although she agreed with her absence of knowledge, she explained the basis for her opinion to avoid a misimpression.

13) 51:3-52:16: leading, irrelevant, lack of foundation, misstates prior testimony –

**Overruled**. The redirect fairly and briefly responded to issues raised during cross-examination.

## III. CONCLUSION

The Court DENIES Defendant Friendly's Ice Cream, LLC's Motion in Limine to Exclude Testimony of Joann Roberge (ECF No. 77); the Court OVERRULES IN PART and SUSTAINS IN PART Defendant Friendly's Ice Cream, LLC's Statement of Objections to Deposition Testimony of Katherine Brandewie (ECF No. 109); and

OVERRULES IN PART and SUSTAINS IN PART Plaintiff's Objections to Certain Portions of Katherine Brandewie's Deposition Proposed by Defendant (ECF No. 110).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of January, 2015